940 So.2d 643 (2006)
In re Joseph F. LaHATTE, Jr.
No. 2006-B-2421.
Supreme Court of Louisiana.
October 27, 2006.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from a rule to revoke probation filed by the Office of Disciplinary Counsel ("ODC") against respondent, Joseph F. LaHatte, Jr., an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS
Respondent was the subject of disciplinary proceedings in In re: LaHatte, 03-0437 (La.6/27/03), 851 So.2d 1024 ("LaHatte I"), which primarily involved his failure to properly handle third-party funds. Accepting in mitigation that respondent was an alcoholic during the period of time when the misconduct occurred, we imposed a two-year suspension, with all but six months deferred, followed by a four-year period of probation governed by the following specified conditions:
(1) During the period of probation, respondent shall continue to participate in recovery programs, including the Lawyers Assistance Program (LAP) and Alcoholics Anonymous.
(2) Respondent shall submit quarterly reports to ODC detailing his participation in the appropriate recovery programs.
(3) Respondent shall retain, at his expense, a CPA to monitor his trust and operating accounts, and shall direct the CPA to report semi-annually to ODC regarding the status of respondent's accounts.
Our opinion further provided, "Any violation of the conditions of probation or any other misconduct during the probationary *644 period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate."
After serving an actual period of suspension of six months, as required by LaHatte I, respondent was reinstated to the practice of law in Louisiana effective August 10, 2004.

DISCIPLINARY PROCEEDINGS

Rule to Revoke Probation
On July 25, 2006, the ODC filed a rule to revoke respondent's probation for his repeated failure to comply with the conditions thereof. The ODC prayed for revocation of respondent's probation and the imposition of the deferred portion of the two-year suspension.
After the matter was set for hearing before the disciplinary board, the parties filed a pleading with the board captioned "Joint Request to Revoke Probation." The parties also submitted joint stipulations of fact and exhibits and requested that the board consider the matter based on the record. The board granted the request and allowed the parties to waive their appearances at the hearing.
In the joint stipulations of fact, the parties agreed in pertinent part as follows:
5.
Since his return to active status, Respondent has failed to submit quarterly reports to ODC detailing his participation in the recovery programs and has failed to provide ODC with reports regarding the status of his trust and operating accounts.
6.
On March 21, 2005, Respondent entered into a recovery agreement with LAP, wherein Respondent agreed to participate for a period of four years, with the condition that his participation may be extended for an additional period of one year with his consent or upon the recommendation of Respondent's LAP monitor.
7.
Since September 2005, Respondent has failed to comply with certain terms of his LAP recovery agreement.
8.
In mitigation, despite Mr. LaHatte's failure to comply with certain terms of his LAP recovery agreement, there is no evidence or information that he has engaged in drug or alcohol abuse during the term of that agreement. Moreover, Mr. LaHatte has been subjected to a series of personal difficulties, including: (1) having his law office, files and records destroyed as a result of Hurricane Katrina; (2) being unable to return to his law office until January 2006; (3) being diagnosed with a persistent micro-bacteria marina infection in his right hand in January 2006; (4) having to undergo five (5) surgeries, physical therapy and to suffer related emotional problems resulting from the hand infection; and (5) having a nine-year-old son who had a kidney transplant operation three years ago, but continues to experience complications.

Disciplinary Board Recommendation
Considering the stipulations of the parties and the joint request that respondent's probation be revoked, the board recommended that the joint request be granted. Although significant mitigating factors are present, respondent has admitted that he has not complied with the terms of his probation. He has failed to submit quarterly reports to the ODC detailing his *645 participation in a recovery program and has failed to provide the ODC with reports regarding the status of his trust and operating accounts. He has also failed to comply with various terms of his LAP recovery agreement.
Based on this reasoning, the board recommended that respondent's probation be revoked and that the eighteen-month deferred portion of his two-year suspension be made executory.

DISCUSSION
Respondent has stipulated that he has failed to comply with the conditions of probation in LaHatte I. This fact supports the revocation of respondent's probation and the imposition of the deferred portion of the suspension we ordered in 2003.
Accordingly, we will revoke respondent's probation and make the eighteen-month deferred portion of the two-year suspension immediately executory.

DECREE
For the reasons assigned, respondent's probation is revoked and the eighteen-month deferred portion of the two-year suspension imposed in In re: LaHatte, 03-0437 (La.6/27/03), 851 So.2d 1024, is hereby made immediately executory. All costs and expenses in the matter are assessed against the respondent, Joseph F. LaHatte, Jr., Louisiana Bar Roll number 8102, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.